Filed 3/6/13  Tannous v. Rickel CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LINDA ELISA TANNOUS et al.,<br><br>        Plaintiffs and Respondents,<br><br>v.<br><br>ROLLAND JAMES RICKEL,<br><br>        Defendant and Appellant. | A134832<br><br>(Mendocino County<br>Super. Ct. No. CVPO 10-56682) |

A motor home park resident made statements on television accusing the park owners of being "lazy," "liars," and "terrorists" from the Middle East, among other things. The park owners sued for defamation and the park resident claimed the lawsuit was a strategic lawsuit against public participation (SLAPP) subject to a special motion to strike. (Code Civ. Proc., § 425.16.)[1] The court denied the motion and this appeal followed. We conclude that the park owners established a probability of prevailing on their claims and shall affirm the order.

## STATEMENT OF FACTS

Plaintiffs Linda, Yousef, and Issa Tannous own a mobile home park in Ukiah, California.[2] Defendant Rolland James Rickel is a resident of the park and produces a local television show. In July 2010, plaintiffs filed this action for defamation and related claims upon allegations that Rickel made false and malicious statements on his show.

---

[1] All further section references are to the Code of Civil Procedure.

[2] Linda and Yousef Tannous are a married couple. Issa is Yousef's brother.

Allegedly, Rickel accused the plaintiffs, who are from Jordan, of being prejudiced against "White park residents," "acting like terrorists," sexually abusing residents, and illegally growing or using marijuana. Rickel claimed his statements were protected speech and filed a special motion to strike under the SLAPP statute. (§ 425.16.) The court denied the motion. Rickel appealed but the appeal was dismissed because he failed to provide an adequate record.

Plaintiffs filed an amended complaint reasserting the above defamatory statements and adding others. Plaintiffs alleged that Rickel made defamatory statements on his television show from May 2010 through October 2011, including statements that plaintiffs are "lazy," "liars," and "terrorists" from the Middle East, "associated with terrorist activities and planes and so forth," illegally "overcharge veterans, seniors, and other individuals in the mobile home park," and discriminate against "white folks." Rickel also allegedly said that the plaintiffs, who operate a used car lot in addition to the mobile home park, "are not ethical in their sales of vehicles" and "are trying to 'rip off' the public." Rickel assertedly derided plaintiffs on his television show by "intentionally mispronoun[ing] the Plaintiffs' name in order to call them 'asses' by separating their last name and accentuating the last part of their name, as follows: 'Tan asses.' "

Rickel claimed his statements were protected speech and filed a motion to strike the amended pleading as a SLAPP suit. Plaintiffs opposed the motion, arguing that the challenged statements were not protected speech because they were made in connection with a private landlord-tenant dispute rather than an issue of public interest and, even if public interest was implicated, they were likely to prevail on the merits.

The court denied the motion to strike: "The court finds that defendant [Rickel] has made a threshold showing . . . , albeit marginally, that plaintiffs' causes of action arise from the defendant's exercise of his constitutional right of free speech. The court further finds that plaintiffs amply . . . demonstrat[ed] a probability of prevailing on their claims." The court also found that Rickel's motion was a repetition of his prior failed motion, "completely without merit," "frivolous" and "solely intended to cause unnecessary delay" and awarded plaintiffs' attorney fees incurred in opposing the motion. The court awarded

2

$4,000, which was less than the value of the fees incurred, because the court was "cognizant of the fact that the defendant lacks significant financial resources" and is self-represented. Rickel appeals the court's order.[3]

## DISCUSSION

"Section 425.16, subdivision (b)(1), provides: 'A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' The analysis of an anti-SLAPP motion thus involves two steps. 'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citation.] 'Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning and lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.' [Citation.] We review an order granting or denying a motion to strike under section 425.16 de novo." (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 819-820, italics omitted.)

Rickel has made a threshold showing that the defamation and related causes of action arise from protected activity. Protected activity includes "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest." (§ 425.16, subd. (e)(3).) Rickel's statements were made in a public forum. The first amended complaint alleges that Rickel's statements were

---

[3] Plaintiffs assert that Rickel's appellate briefs are materially deficient and urge us to dismiss the appeal. Rickel, who appears in propria persona, has presented flawed briefs but we will resolve the appeal on its merits. We do, however, grant plaintiffs' motion to strike the exhibits to Rickel's reply brief and shall disregard all references to those documents because they were not placed in evidence below.

made on a television program that was broadcast "on numerous occasions" and "heard by thousands of people throughout Mendocino County." "A 'public forum' is traditionally defined as a place that is open to the public where information is freely exchanged." (*Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 475.) "[A] public forum is not limited to a physical setting, but also includes other forms of public communication" (*id.* at p. 476) like "[e]lectronic communication media" (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1006). "[A] widely disseminated television broadcast is undoubtedly a public forum." (*Metabolife Intern., Inc. v. Wornick* (S.D. Cal. 1999) 72 F.Supp.2d 1160, 1165, affd. in part & revd. in part (9th Cir. 2001) 264 F.3d 832.) The statements also were made in connection with an issue of public interest. While the plaintiffs are private parties, Rickel's statements concerning violations of mobile home laws and unfair business practices are of public interest. Public interest is construed broadly under the anti-SLAPP statute and may encompass activities between private individuals.[4] (*Hecimovich v. Encinal School Parent Teacher Organization* (2012) 203 Cal.App.4th 450, 464-465.)

The motion to strike was properly denied because plaintiffs have demonstrated a probability of prevailing on their claims. Only an action that lacks all merit is a SLAPP subject to a special motion to strike. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.) "[I]n order to establish the requisite probability of prevailing (§ 425.16, subd. (b)(1)), the plaintiff need only have ' "stated and substantiated a legally sufficient claim." ' [Citation.] 'Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." ' " (*Id.* at pp. 88-89.)

The plaintiffs asserted causes of action for defamation, intentional infliction of emotional distress and negligent infliction of emotional distress. "Defamation requires a

[4] Whether the challenged statements constitute a matter of public concern for purposes of defamation law is a separate issue upon which we express no opinion. (*Carney v. Santa Cruz Women Against Rape* (1990) 221 Cal.App.3d 1009, 1019-1020.)

publication that is false, defamatory, unprivileged, and has a tendency to injure or cause special damage." (*Hawran v. Hixson* (2012) 209 Cal.App.4th 256, 277.) "The elements of a cause of action for intentional infliction of emotional distress are: ' "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4)  actual and proximate causation of the emotional distress." ' " (*Wong v. Tai Jing* (2010) 189 Cal.App.4th 1354, 1376.) "A claim of negligent infliction of emotional distress is not an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." (Id. at p. 1377.) Here, the intentional and negligent infliction of emotional distress claims are based on the same conduct as the defamation claim: Rickel's alleged false and malicious statements.

Plaintiffs presented a prima facie showing of facts sufficient to support their claims. They submitted transcripts of the television shows with Rickel's statements that plaintiffs are terrorists from the Middle East, prejudiced against White motor home park residents, illegally growing or using marijuana, charging illegal fees, and sexually abusing park residents. Plaintiffs also submitted declarations asserting that the statements "are absolutely and unequivocally false" and that Rickel has used his television show "in a vindictive manner to defame and harass" them. Plaintiffs further declared that Rickel's statements injured their reputation in the community, exposed them to ridicule and hatred, and caused extreme emotional upset marked by a fear that someone may believe them to be terrorists and lead that person to "seriously harm or kill" them. Rickel presents no reasoned response to this evidence; he simply asserts that plaintiffs failed to establish a probability of prevailing on their claims without any discussion of the evidence or citation of legal authority. The trial court properly denied the motion to strike the amended complaint.

The trial court also properly awarded plaintiffs attorney fees incurred in opposing the motion to strike. "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion." (§ 425.16, subd. (c).) Rickel's

5

motion to strike the amended complaint was wholly unmeritorious and a repetition of his failed motion to strike the original complaint. We decline, however, to penalize Rickel further. Plaintiffs' request for attorney fees incurred on appeal and separate motion for the imposition of sanctions are denied.

## DISPOSITION

The order is affirmed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.